## UNITED STATES v. SPLANE.
### Cr. No. 33637.

District Court, E. D. New York.

Feb. 20, 1933.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Leonard Greenstone, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City, for defendant.

BYERS, District Judge.

Two questions are raised by this motion to suppress evidence:

A. The legal sufficiency of the warrant to apprehend the defendant, based upon a verified complaint by a radio technician attached to the Department of Justice; this alleged that three persons, including this defendant, unlawfully, wilfully, knowingly and feloniously used and operated "certain apparatus for the transmission of * * * communications and signals by radio, for which apparatus no license had been granted by the Federal Radio Commission, from the premises * * * to divers other states of the United States * * * and contrary to * * * Title 47, sections 81, 108 and 113, United States Code [47 USCA §§ 81, 108, 113]."

It is argued that, because the complaint refers to radio apparatus, and not to a "station," it is insufficient.

It is true that the statutory provisions respecting licenses refer in terms to operators, and to stations, but, for present purposes, it is thought that the plain intent of the law should not be frustrated by elaborate deference to mere verbiage. While "station" and "apparatus" may not be synonymous in the literal sense, it is clear that within the design of the statute they may be considered interchangeable.

An indictment, alleging unlawful operation of certain apparatus for the transmission of communications and signals by radio, was examined in U. S. v. Molyneaux (C. C. A.) 55 F. (2d) 912, 913, in a case involving a violation of the statute by an individual who had failed to obtain an operator's license. In passing upon a point not here involved, the Court used this language: "In other words, an apparatus, the effects of which extend beyond the state in which it is stationed, comes within the law requiring a station license."

If that indictment had been deemed insufficient because it failed to allege the procurement of an operator's license to operate a station instead of an apparatus, the Court would have so decided, but the indictment was sustained. This complaint, and the warrant upon which it was based, are likewise deemed sufficient.

B. The legality of the search that accompanied the apprehension; this took place in an incompleted structure, designed for

dwelling purposes, which at the time was not the home of this defendant, but the completed part of which was occupied by another defendant.

No papers, books or records were seized in the premises, but the apparatus itself was taken in custody by the arresting officer, in whose presence the defendant was observed to be operating it. This means that, during the course of a lawful arrest, the officer took into his custody the instrumentality of the alleged offense.

For present purposes, the motion must be denied, without prejudice to the renewal thereof upon the trial, if the defendant be so advised.

Settle order.